UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ,<br><br>                    Plaintiff,<br><br>      v.<br><br>VACAVILLE POLICE DEPARTMENT, et al.,<br><br>                    Defendants. | No.  2:20-cv-0391 AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 14.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4      II.     <u>Statutory Screening of Prisoner Complaints</u>

5      The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
14  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as
15  stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

18      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
21  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
22  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
24  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27  speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
28  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Complaint

Plaintiff has filed an original and two amended complaints. ECF Nos. 1, 12, 13. Because an amended pleading supersedes the original, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the Second Amended Complaint (ECF No. 13) will be screened and the prior pleadings are disregarded. Plaintiff was in pretrial custody in Solano County when he commenced the action and when he filed his SAC; he is now serving a state prison term. See ECF No. 17 (notice of change of address to North Kern State Prison). The SAC addresses events that appear to be related to plaintiff's arrest by Vacaville police and subsequent criminal prosecution in Solano County Superior Court. Named defendants are Cari Lynn Tapiz Cvetkovivh, the Vacaville Police Department, the Solano County Sheriff, and John Burke.

Claim One is largely incomprehensible. It alleges a warrantless search without probable cause, and "three months of illegal recordings." ECF No. 13 at 4. The supporting facts are stated as follows:

> FEDERAL 6 UNKNOWN AND WOMEN TYPE 6 CARI LYNN TAPIZ CVETKOVICH [possible date of birth] INVADED MY MOMS HOUSE AT [address] SINCE AUGUST SHE GAVE ACCESS TO MY MOMS HOUSE TO VACAVILLE PD OR FEDERAL. THIS WAS GOING UNDETECTED TILL I FOUND A WATCH PHONE PEN REGISTER A PEN FLASH DRIVE. THE WATCH HAS A FINGERPRINT THAT TURNS IT ON A EAR

3

>PIECE AND A LOT MORE EVIDENCE NOTHING WILL STOP WHAT I GOT AGAINST CARI LYNN TAPIZ CVETKOVICH AND THE 6 UNKNOWN FEDERAL AGENTS.  POSSIBLY DRUGGED BY HER AS WELL HERE IN VACAVILLE, ATLANTA OR FEDERAL OUT HERE WILL BE HELD TO ANSWER WITH A FULL PANORAMIC XRAY…

ECF No. 14 at 4.  The factual statement goes on to allege that defendant Cvetkovich "acted as [plaintiff's] girlfriend only to be the inside of the 6 Unknown and give access so they could search and do illegal things putting cameras and microphones." Id.  Plaintiff alleges that "federal women" have sex with men to "implant GPS in there body." Id.

Claim Two alleges that an Officer Lopez violated plaintiff's constitutional rights by "having 3 same charges against me," tampering with evidence and discovery, and providing false testimony.  Id. at 5.  Plaintiff identifies a Solano County criminal case number, alleges that the victim in that case (defendant Cvetkovich) is connected to law enforcement, and states than an unspecified Brady violation has occurred.[1]  Id.

Claim Three appears to challenge the adequacy of the representation provided by plaintiff's criminal defense attorney in the Solano County proceeding.  Id. at 6.  The undersigned understands the factual statement to allege that counsel waived speedy trial over plaintiff's objection, failed to file a Pitchess motion[2] or raise the Brady issue, "had a mental health make a false report," illegally sent plaintiff to "Napa State" even though plaintiff was not incompetent, and generally helped the prosecutor and let her "get her way." Id.

IV.     Failure to State a Claim

Claim One does not provide any plausible facts that could support relief on any theory.

Claims Two and Three go to the validity of the state criminal prosecution that was pending against plaintiff when he filed his original complaint.  Plaintiff's subsequent transfer to state prison indicates that he was convicted in the criminal case.  Accordingly, Claims Two and Three are now barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Under Heck, a plaintiff

---

[1] Brady v. Maryland, 373 U.S. 83 (1963) (recognizing prosecutor's due process obligation to disclose exculpatory evidence).
[2] Pitchess v. Superior Court, 11 Cal. 3d 531 (1974) (establishing process for discovery of otherwise confidential personnel records in California).

may not bring a suit for damages on the basis of claims that imply the invalidity of a conviction unless the conviction itself has first been set aside.

V.  Leave to Amend Is Not Appropriate

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Amendment of Claim One would be futile because plaintiff has not identified a plausible factual basis for relief. See Iqbal, 556 U.S. at 678; Neitzke, 490 U.S. at 327. Amendment of Claims Two and Three would be futile because the Heck-bar cannot be overcome by the pleading of additional or different facts. Moreover, these claims appear to be barred by re judicata, having previously been dismissed in Ramirez v. Lopez, No. 2:20-cv-0411 KJM KJN P, ECF Nos. 46 (findings and recommendation), 48 (order adopting F&R).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 14) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court shall randomly assign a district judge to this action.

It is FURTHER RECOMMENDED that this action be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

that this action be dismissed pursuant to 28 U.S.C. 1915A for failure to state claim for relief under 28 U.S.C.§ 1983.

DATED: December 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE